IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:03-cr-00031-MP-AK

ROY L. MCDUFFIE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 59, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 45, be denied, and that all outstanding motions, Docs. 51, 54, 56, and 57, be denied. The Magistrate Judge filed the Report and Recommendation on Wednesday, September 5, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections have been filed.

Defendant pled guilty to a two-count indictment charging him with possession of a firearm by a previously convicted felon and possession with intent to distribute marijuana. Based on Defendant's plea and status as a career armed offender, the Court sentenced Defendant to 188 months imprisonment on Count I, and 60 months imprisonment on Count II, to run concurrently. In his motion to vacate and supporting memorandum, Defendant raises six claims for relief: illegal search and seizure; "forum shopping and selective prosecution;" defective indictment; involuntarily entered guilty plea; abuse of discretion by the court that led to plain error; prosecutorial misconduct; and constitutionally ineffective assistance of counsel. After

reviewing each of these claims, the Magistrate finds them to be without merit, and recommends that the motion to vacate be denied.

The Court agrees with the Magistrate that Defendant's claims are without merit. The indictment was not defective, and jurisdiction existed for the Government to prosecute Defendant in the Northern District. Furthermore, when Defendant knowingly and voluntarily entered a plea of guilty, he gave up his right to challenge the execution of the warrant and the attendant search and seizure. Because the Court placed Defendant under oath, engaged in an extensive colloquy, and asked Defendant if he understood the charges against him and the possible penalties, Defendant's claim that he did not enter a knowing, voluntary, and intelligent guilty plea is without support. The failure by trial and appellate counsel to argue these claims also forms the basis of Defendant's claim of ineffective assistance. Again, because the Court finds that these claims are without merit, counsel cannot be deemed ineffective for failing to argue them.

Defendant has also filed a motion to invalidate his armed career offender sentence. Doc. 54. The indictment specifically charged Defendant as an armed career criminal, listing seven prior violent felonies: Defendant's conviction in 1969 for attempted breaking and entering, in 1970 for attempted auto larceny, in 1971 for escape, in 1977 for breaking and entering to commit a felony and grand larceny, in 1981 for carrying a concealed firearm, in 1985 for grand theft of a motor vehicle, and in 1985 for sexual battery. Pursuant to the armed career criminal statute, 18 U.S.C. § 924(e)(1), where a defendant indicted for unlawful firearm possession "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," defendant shall be imprisoned not less than 15 years. A

"violent felony offense" is one that "that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii).  Defendant acknowledges that his conviction for sexual battery qualifies as a violent felony offense, but disputes the qualification of the remaining convictions.  Any of the felonies listed in the indictment would present a serious potential risk of physical injury, and moreover "burglary" is specifically listed in the statute as a violent offense.  Although the Magistrate incorrectly includes as a violent felony Defendant's conviction for possession of a firearm by a previously convicted felon, because numerous other convictions support the armed career classification, this error is immaterial.  Therefore, the Court agrees with the Magistrate that Defendant's motion to invalidate his armed career offender sentence should be denied.

As a final matter, the Court agrees with the Magistrate that Defendant's motions to supplement, Docs. 51 and 56, should be denied as moot, and that Defendant's motion for discovery, Doc. 57, should be denied.  Therefore, having considered the Report and Recommendation, and the lack of objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion to Vacate, Doc. 45, is DENIED.

3. Defendant's motion to invalidate his armed career offender sentence, Doc. 54, is DENIED.

4. Defendant's motions to supplement, Docs. 51 & 56, are DENIED as moot.

5. Defendant's motion for discovery, Doc. 57, is DENIED.

**DONE AND ORDERED** this  *10th* day of October, 2007

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
